## WHITE v. BECK.

1. **New Trial:** GROUND OF: PRESUMPTION IN FAVOR OF TRIAL COURT. Where a motion for a new trial assigned several causes therefor, and it was sustained, but the record does not show for which particular cause, this court will not presume that it was for a doubtful cause, when it appears that some of the causes assigned were good.

2. **Attachment:** CROSS-ACTION FOR MALICE: TESTIMONY OF PLAINTIFF AS TO HIS MOTIVE.  In a cross-action in attachment for the wrongful suing out of the writ, after evidence had been introduced of a remark made by plaintiff, which might tend to show malice on his part, he should have been allowed to state what he meant by the remark.

3. ———: ———: IMMATERIAL EVIDENCE AS TO MOTIVE IN DISPOSING OF PROPERTY.  In such a case, the opinion of a witness as to the motive of the defendant in disposing of his property, and his statement that he had heard no suspicions expressed that defendant was trying to defraud his creditors, were immaterial, and should have been stricken out on motion.

*Appeal from Jackson District Court.*

TUESDAY, JUNE 10.

THIS action was brought by plaintff on a promissory note, given by defendant and two others to one Edward Foster. The suit was instituted before the maturity of the note, and it is alleged in the petition that defendant is about to dispose of his property with intent to defraud his creditors, and it is prayed that a writ of attachment issue against his property.

An attachment was issued, and certain property belonging to defendant was seized thereon.

Defendant answered, admitting the execution of the note, but alleging, by way of counter-claim, that the attachment was wrongfully and maliciously sued out by plaintiff, that he was not about to dispose of his property with intent to defraud his creditors, and that plaintiff had no reasonable ground to believe that said allegation was true when he made it; and praying for damages on the attachment bond. There was a reply denying these allegations. The issue was tried to a jury, and there was a verdict for defendant for $1000. The district court sustained a motion for a new trial, and defendant appeals.

*L. A. Ellis, J. Hilsingar* and *T. W. Darling*, for appellant.

*A. L. Bartholomew* and *A. R. Cotton*, for appellee.

REED, J.—There are nineteen causes assigned in the motion for a new trial, but it does not appear on what particular ground the motion was sustained. The record

1. NEW trial: ground of: presumption in favor of trial court.

simply shows that the motion was sustained, and the verdict set aside, and a new trial granted. Among the grounds assigned in the motion is the following: "The damages found by the jury are excessive, and appear to have been given under the influence of passion and prejudice." The principal effort of appellant's counsel in their argument has been to show that the court was not warranted in setting aside the verdict on this ground. If it was clear that the motion was sustained on this ground alone, we should hesitate long before interfering with the action of the court. The reasons of our reluctancy to interfere with the action of the lower courts, in cases when the judge who presided at the trial has determined that the proper administration of the law demands that there should be a retrial of the cause, have been so often stated, that it cannot be neces-

sary to repeat them here. But, as it appears to us from an examination of the record that there are other grounds on which the motion should have been sustained, we cannot assume that it was sustained on this ground alone.

We will proceed to point out one or two grounds on which we think plaintiff was fairly entitled to a new trial. A witness examined in behalf of defendant testified that he had a conversation with plaintiff on the day on which the attachment was levied, concerning the levy, in which plaintiff made the statement "that Beck had had his time, and now he would have his." When plaintiff was examined in his own behalf, his attention was called to this statement, and he was asked to what he referred when he made it. This question was objected to by defendant as incompetent, and the objection was sustained. We think the question should have been allowed. The statement attributed to plaintiff had some tendency to show the motive which actuated him in suing out the writ. It was introduced as evidence of malice, and it doubtless had some weight with the jury in determining the motives with which the plaintiff was acting. We think it was competent for him to explain the statement, and to show what he referred to, or what he meant by it.

The deposition of one E. J. Kennedy was taken by defendant, and on the trial the following question was asked him: "The plaintiff charges in his petition that the defendant is about to dispose of his property with intent to defraud his creditors; now state all you know in relation thereto, and your reasons of knowledge." The witness answered that he had never heard of any suspicion that defendant was trying to defraud his creditors, and, in answer to another question, he said: "I never knew of him wanting to dispose of any property for the purpose of defrauding his creditors."

At the proper time, plaintiff moved to exclude these answers, but the motion was overruled, and they were read to

*Margin notes:*

2. ATTACH- MENT: cross- action for malice : testi- mony of plaintiff as to his motive.

3. ———: ———: immaterial evidence as to motive in disposing of property.

the jury. We think they should have been excluded. The opinion of the witness as to the motive of the party in disposing of the property was incompetent; and the fact that he had heard no suspicions expressed by others that he was trying to defraud his creditors was immaterial. Because of these errors occurring on the trial, we think the court properly sustained the motion.

AFFIRMED.